**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM CLARE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 CV 5071 |
| | ) | |
| v. | ) | HON. JUDGE JORGE L. ALONSO |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | Magistrate Judge Sidney I. Schenkier |
| corporation, OFFICER MALONEY, Star #5210, | ) | |
| OFFICER MADRIGAL, Star #14294, | ) | |
| OFFICER O'TOOLE, Star #1522, OFFICER | ) | |
| LAZAUSKAS, Star #15976, OFFICER | ) | |
| HERTKO, Star #18278, OFFICER | ) | |
| CEBALLOS, Star #19647, OFFICER CRONIN, | ) | |
| Star #625, OFFICER BATTAGLIA, Star #1994, | ) | |
| OFFICER WILLNER, Star #372, OFFICER | ) | |
| Mc KEE, Star #1916, OFFICER MCKEE, | ) | |
| Star #10068, OFFICER TIETZ, Star #2034, | ) | |
| OFFICER TOWN, Star 20627, OFFICER | ) | |
| FITZGERALD, Star #14567, OFFICER | ) | |
| ANDERSON, Star #6023, and | ) | |
| OFFICER SIRISCEVICH JR, Star #18387, | ) | |
| in their individual and supervisory capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, William Clare, by his attorneys, LAW OFFICE OF ALANA De LEON and DALTON LAW, LLC, and for his First Amended Complaint against Defendants City of Chicago, Officer Maloney (Star 5210), Officer Madrigal (Star 14294), Officer O'Toole (Star 1522), Officer Lazauskas (Star 15976), Officer Hertko (Star 18278), Officer Ceballos (Star 19647), Officer Cronin (Star 625), Officer Battaglia (Star 1994), Officer Willner (Star 372), Officer Mc Kee (Star 1916), Officer Mckee (Star 10068), Officer Tietz (Star 2034), Officer Town (Star 20627), Officer Fitzgerald (Star 14567), Officer Anderson (Star 6023), and Officer Siriscevich Jr. (Star 18387) (collectively, "Defendant Officers") states as follows:

## **JURISDICTION & VENUE**

1. The incident giving rise to this First Amended Complaint occurred on July 9, 2016 in the City of Chicago, County of Cook, Illinois.

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law Plaintiff's rights as secured by the United States Constitution.

3. This Court has jurisdiction pursuant to the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) as most parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## **PARTIES**

5. At all times relevant to this First Amended Complaint, Plaintiff William Clare was a resident of the City of Chicago, Illinois.

6. At the time of the incident, Defendant City of Chicago was the employer of Defendant Officers. The City of Chicago is sued based on a theory of *respondeat superior* on the state law claims.

7. At the time of the incident, Defendant Officers, who are sued in their individual capacities, were acting under color of law and within the course and scope of their employment as sworn police officers for the City of Chicago.

8. At the time of the incident, Defendant Officers, who are sued in their individual and supervisory capacities, were acting under color of law and within the course and scope of their employment as sworn police officers for the City of Chicago.

9. Defendant City of Chicago is the indemnifying entity for the actions of the Defendant Officers and is being sued on an indemnification theory.

## FACTS

10. On July 9, 2016, Mr. Clare attended a peaceful Black Lives Matter demonstration being held in Chicago.

11. In the early evening, Mr. Claire was at or near 1212 S. Michigan Avenue when numerous Chicago Police Officers, including Defendant Officers, violently and forcefully pushed Mr. Clare and multiple other demonstrators up against a bus. Mr. Clare witnessed two or more uniformed Chicago Police Officers grab two young women by the hair and drag them through the crowd. Mr. Clare verbalized his disgust with what he had observed and stated, "What are you doing?"

12. At this time, the Defendant Officers grabbed Mr. Clare, threw him to the ground, causing him to strike his head on the pavement. The Defendant Officers, including Defendant Officers Maloney, O'Toole, Lazauskus, Hertko, Ceballos, Cronin, Mc Kee, Town, and Tietz, proceeded to beat Mr. Clare, stomp on his legs and back, and strike him with their hands, feet, batons or similar instruments. While Mr. Clare was on the ground, Defendant Officers bent his leg back and began kicking and stomping on his leg. Mr. Clare repeatedly pleaded with the Defendant Officers to stop, but the beating continued unabated.

13. Mr. Clare was subsequently placed in handcuffs. Mr. Clare was dragged toward a police vehicle by Defendant Officers, which included Defendant Officers Madrigal, Battaglia, and Willner. When Mr. Clare asked Defendant Officers if he was under arrest, he was told to "shut the fuck up." When Mr. Clare told Defendant Officers that he needed to go to the hospital, he was again told to "shut the fuck up".

14. Mr. Clare was placed under arrest and charged with resisting and obstructing traffic, despite the fact that Chicago Police Officers, including Defendant Officers, had pushed Mr. Clare and others up against a bus, blocking them in. Defendant Officers initiated the criminal charges knowing there was no probable cause to support it.

15. When Mr. Clare was transferred to the Chicago Police Department in the First District, he was brought into a private office where two African-American Chicago Police Officers wiped the blood from his face, arms, and legs, and then quickly snapped his booking photograph. While at the police station, Mr. Clare asked unknown Chicago Police Officers to please take him to the hospital. In response, the Officers threatened to charge Mr. Clare with multiple felonies and take him to the Cook County Department of Corrections if he continued to ask questions. Defendant Officers heckled and yelled at Mr. Clare while he was detained in the First District lock-up.

16. Many hours later, Mr. Clare was released from police custody. When he arrived at home, he took photographs documenting the visible injuries the Defendant Officers caused to his wrists, arms, legs, and torso.

17. While the lacerations and bruises healed over time, Mr. Clare continued to suffer severe pain in his back and right hip area. After a series of X-rays and MRI's, medical specialists diagnosed Mr. Clare with enthesopathy and a tear in his right labrum and determined that the injuries were inoperable. Mr. Clare continues to suffer on a daily basis. Mr. Clare now walks with a cane and receives Cortozone injections every few months to alleviate the thousands of muscle spasms he has each day in his right leg and hip. None of the Defendant Officers that were supervising other named Defendant Officers, intervened to prevent the beating of Mr. Clare or his arrest, despite having a duty and opportunity to do so.

18. Plaintiff had to fly to Chicago for his criminal case on numerous different occasions. When Defendant Officers, including Defendant Officers Anderson and Siriscevich, Jr., failed to appear in court for trial in connection with the criminal charges lodged against Mr. Clare, the criminal charges were dismissed for want of prosecution. Neither Defendant Officers Anderson nor Siriscevich, Jr., nor any other Defendant Officer sought to have the charges reinstated.

19. As a result of the Defendant Officers' conduct, Mr. Clare suffered loss of freedom, physical injuries, emotional harm, and incurred medical expenses.

## COUNT I -- 42 U.S.C. § 1983
### Excessive Force
**(William Clare v. Defendant Officers Maloney, Madrigal, O'Toole, Lazauskas, Hertko, Ceballos, Cronin, Battaglia, Willner, Mc Kee, Mckee, Town, Tietz, and Fitzgerald)**

20. Each paragraph of this First Amended Complaint is incorporated herein.

21. The actions of Defendants Maloney, Madrigal, O'Toole, Lazauskas, Hertko, Ceballos, Cronin, Battaglia, Willner, Mc Kee, Mckee, Town, Tietz, and Fitzgerald, in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, enforceable against the states and their municipalities through the Fourteenth Amendment, to be secure in his person, papers, and effects against unreasonable searches and seizures and hence violated 42 U.S.C. § 1983.

22. As a proximate result of the aforementioned actions by Defendants Maloney, Madrigal, O'Toole, Lazauskas, Hertko, Ceballos, Cronin, Battaglia, Willner, Mc Kee, Mckee, Town, Tietz, and Fitzgerald, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against Defendants Maloney, Madrigal, O'Toole, Lazauskas, Hertko, Ceballos, Cronin, Battaglia, Willner, Mc Kee, Mckee, Town, Tietz, and Fitzgerald, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT II -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention
### (William Clare v. Defendant Officers)

23. Each paragraph of this First Amended Complaint is incorporated herein.

24. The actions of the Defendant Officers in falsely seizing, searching, detaining, and arresting Plaintiff without a warrant or probable cause violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

25. As a proximate result of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT III -- 42 U.S.C. § 1983
### Failure to Intervene
### (William Clare v. Defendant Officers)

26. Each paragraph of this First Amended Complaint is incorporated herein.

27. The action, or inaction, of the Defendant Officers in failing to intervene to protect Plaintiff from excessive force, false arrest, and unreasonable search and seizure, despite the duty and reasonable opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

28. As a proximate result of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT IV -- 42 U.S.C. § 1983
### Supervisory Liability
### (William Clare v. Defendants Mc Kee, Tietz, O'Toole, Cronin, Battaglia, and Willner)

29. Each paragraph of this First Amended Complaint is incorporated herein.

30. Defendants Mc Kee, Tietz, O'Toole, Cronin, Battaglia, and Willner, acted in their roles as supervisors of the Defendant Officers, and each was personally involved in the actions described in this First Amended Complaint.

31. Defendants Mc Kee, Tietz, O'Toole, Cronin, Battaglia, and Willner, knowingly and with reckless indifference to the constitutional rights of Plaintiff directed and/or consented to the actions described herein as each failed to properly supervise, instruct, control, and/or discipline the Defendant Officers.

32. As a proximate result of the aforementioned actions by Defendants Mc Kee, Tietz, O'Toole, Cronin, Battaglia, and Willner, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against Defendants Mc Kee, Tietz, O'Toole, Cronin, Battaglia, and Willner, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT V – State Law Claim
### False Imprisonment (*Respondeat Superior*)
### (William Clare v. Defendant Officers & City of Chicago)

33. Each paragraph of this First Amended Complaint is incorporated herein.

34. One or more of the Defendant Officers, as employed by Defendant City of Chicago, physically seized and restrained Plaintiff, thereby arresting Plaintiff and restricting his freedom of movement, which was done without legal justification.

35. The actions of one or more of the Defendant Officers were the direct and proximate cause of the injuries suffered by Plaintiff.

36. One or more of the Defendant Officers acted in the course and scope of their employment with Defendant City of Chicago in taking these unlawful actions against Plaintiff, and thus the Defendant City of Chicago is liable on the theory of *respondeat superior*.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant City of Chicago, plus costs and any other additional relief this Court deems equitable and just.

### COUNT VI – State Law Claim
### Malicious Prosecution (*Respondeat Superior*)
### (William Clare v. Defendant Officers & City of Chicago)

37. Each paragraph of this First Amended Complaint is incorporated herein.

38. Defendant Officers, including Defendant Officers Anderson and Siriscevich, Jr., maliciously caused Plaintiff to be improperly subjected to judicial proceeding(s) for which there was no probable cause.

39. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all proceedings were terminated in a manner consistent with Plaintiff's innocence.

40. One or more of the Defendant Officers acted in the course and scope of their employment with Defendant City of Chicago in taking these unlawful actions against Plaintiff, and thus the Defendant City of Chicago is liable on the theory of *respondeat superior.*

41. As a result of all the aforementioned actions by Defendant Officers, Plaintiff suffered loss of freedom and liberty, loss of society, emotional distress, and pecuniary injury.

WHEREFORE, Plaintiff demands judgment and compensatory damages against Defendant Officers, and because they acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages against the Defendants and any other additional relief this Court deems equitable and just.

## COUNT VII – State Law Claim
## Assault & Battery (*Respondeat Superior*)
## (William Clare v. Defendant Officers)

42. Each paragraph of this First Amended Complaint is incorporated herein.

43. The actions of one or more of the Defendant Officers, as employed by Defendant City of Chicago, in physically abusing Plaintiff, constituted intentional harmful and/or offensive contacts against Plaintiff and/or caused him to be reasonably apprehensive of imminently receiving such contact without provocation or legal justification.

44. The actions of one or more of the Defendant Officers were the direct and proximate cause of the injuries suffered by Plaintiff.

45. One or more of the Defendant Officers were acting in the course and scope of their employment with Defendant City of Chicago while taking these actions, and thus Defendant City of Chicago is liable on the theory of *respondeat superior.*

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs and any other additional relief this Court deems equitable and just.

## **COUNT VIII – Indemnification**

46. Each paragraph of this First Amended Complaint is incorporated herein.

47. Defendant City of Chicago is the indemnifying entity for the actions, described above, of the Defendant Officers.

WHEREFORE, pursuant to 745 ILCS 10/9-102, should Defendant City of Chicago and/or any of the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiff demands that Defendant City of Chicago be found liable for any judgment – other than punitive damages – he obtains thereon.

## **JURY DEMAND**

William Clare hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

                                                  Respectfully submitted,

                                                  s/      Blaire C. Dalton
                                                  s/      Alana M. De Leon
                                                  Attorneys for Plaintiff

Blaire C. Dalton
DALTON LAW, LLC
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
847.373.4750
Blairec.dalton@gmail.com

Alana M. De Leon
LAW OFFICE OF ALANA De LEON
53 W. Jackson Blvd., Suite 1428
Chicago, Illinois 60604
312.531.0888

Alana M. De Leon
LAW OFFICE OF ALANA De LEON
53 W. Jackson Blvd., Suite 1428
Chicago, Illinois 60604
312.531.0888